IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONNIE L. SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | C.A. NO. C-07-317 |
| § | |
| OFFICER SMITH, et al., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER OF TRANSFER

On July 19, 2007, Plaintiff Ronnie L. Smith brought a civil rights action under 42 U.S.C. § 1983 (D.E. 1). Plaintiff is currently incarcerated at the McConnell Unit in Beeville, Texas. (Id.).

## I.   Background

Plaintiff names the following Defendants in the case: Nathaniel Quarterman; Officers Smith, Hill and Payne (Texas Department of Criminal Justice ("TDCJ") transport drivers who work in Huntsville, Texas); the Sheriff of Wharton County, Texas; unidentified E.M.S. Personnel of Wharton County, Texas; unidentified E.M.S. Personnel of El Campo, Texas; the Fire Chief of the El Campo, Texas Fire Department; an "unknown" TDCJ Safety Officer; and an "unknown" TDCJ official. Plaintiff's allegations all arise out of an accident that took place in Wharton County, Texas while Plaintiff was being transported from the Darrington Unit in Rosharon, Texas, to the McConnell Unit in Beeville. While

-1-

Plaintiff was being transported, the bus he was riding in caught fire.  During his escape from the bus, Plaintiff claims he suffered injuries to his lower back, neck and wrist, as well as breathing problems resulting from smoke inhalation.  (Id., pp. 6-7).  In his Complaint, Plaintiff alleges that the Defendants in the case denied Plaintiff medical care and violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff also alleges negligence and gross negligence against Defendants.

## II.   Transfer Pursuant to 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Accordingly, even though venue of the instant case may be proper in this Court, the Court may transfer the case to another federal forum where venue is proper, if such a transfer is for the convenience of parties and witnesses and in the interests of justice.  Id.  "The decision to transfer is committed to the sound discretion of the district court and is made for the purpose of preventing waste of time, energy and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Stabler v. New York Times Co., 569 F.

Supp. 1131, 1137 (S.D. Tex. 1983).[1]

**A.    This Case Could Have Been Brought in the Houston Division of the Southern District of Texas**

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the district/division to which transfer is sought.  In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

The general venue provision in 28 U.S.C. § 1391(b) states as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> > (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

---

[1] Of note, even though there has been no motion to transfer in this case, a district court may sua sponte transfer a case pursuant to 28 U.S.C. § 1404(a).  See Horton v. Cockrell, 1995 WL 725375, *4 (5th Cir. 1995) ("A district court may sua sponte transfer a case to any other district where the suit might have been brought for the convenience of the parties and in the interests of justice."); Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989) (Such transfers [pursuant to 28 U.S.C. § 1404(a)] may be made sua sponte.").

-3-

>   (3)  a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b)(2).  In his civil rights complaint, Plaintiff complains of events that occurred regarding the bus accident in Wharton County, Texas.  (See generally, D.E. 1, Complaint).  Wharton County is located in the Houston Division of the Southern District of Texas.  Venue would therefore be proper in that division, since it is the location where the "events or omissions giving rise to the claim" took place.  28 U.S.C. § 1391(b)(2).

### B.   **Transfer is Proper for the Convenience of Parties and Witnesses and in the Interests of Justice**

As noted above, Plaintiff complains of the way he was treated by Defendants during and immediately after the bus accident that took place in Wharton County, Texas.  Because the bus accident occurred in Wharton County, the vast majority of relevant evidence is likely to be located in the immediate area.  Further, the Defendants Plaintiff names in his Complaint all work in either Wharton County or Walker County, Texas – both of which are located in the Houston Division of the Southern District of Texas.  Most witnesses and other relevant documentation are therefore likely to be located in either Wharton County or Walker County, in the

Houston Division.  Accordingly, a trial in this case would be significantly more convenient in the Houston Division of the Southern District of Texas, in close proximity to the parties, witnesses, and other evidence pertinent to Plaintiff's civil rights claims.

In sum, all factors in this case point to the Houston Division of the Southern District of Texas as the proper venue for this lawsuit.  Therefore, in the interests of justice and for the convenience of the parties and witnesses, this case should be transferred to the Houston Division pursuant to 28 U.S.C. § 1404(a).

### III. Conclusion

For the reasons set forth above, the Court hereby ORDERS the Clerk to TRANSFER this action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).

SIGNED and ENTERED this the 30th day of July, 2007.

_____
Janis Graham Jack
United States District Judge